9882

SNELGROVE v. ANDERSON COUNTY.

(95 S. E. 1055.)

1. Exceptions arising questions of fact on an appeal in a law case overruled.
2. An exception "that there is no competent testimony tending to establish agency" overruled, there being sufficient evidence to support the judgment appealed from.
3. Exceptions without merit overruled.

Before Rice, J., Anderson, Summer term, 1917. Affirmed.

Statement:

In August, 1915, J. L. McGee, a member of the county board of commissioners for Anderson county, hired I. N. Holland to work a team of mules on the public roads of Anderson county. This Holland did and filed his claim in his own name with the county board of commisisoners and was paid by them accordingly. One night about 10 o'clock one of the mules killed itself by breaking its neck. In October, 1916, plaintiffs filed their claim against the county, alleging that they were the owners of the mule which had killed itself and that Commissioner McGee had authorized I. N. Holland to contract with plaintiffs for a team of mules, to be returned to plaintiffs on demand. That at the time of its death the mule was reasonably worth $175, but its present value was. $200. The county board of commissioners disallowed the claim and on appeal to the Circuit Court the appeal was sustained and judgment given to plaintiff in the sum of $200. On the following day and during this term of the Circuit Court one of counsel for defendant requested a rehearing of the case, which was granted, and a consent. order was taken as follows:

"That the case be marked heard; that proceedings on the judgment be stayed and the case continued until the April term of Court and to be heard at said term as of this date."

Acting under said order his Honor, Judge Rice, later modified his former judgment by reducing the amount of his former judgment from $200 to $175, as the value of the mule at the time of its death. Both sides appealed from this judgment. The defendant sets up four exceptions to the ruling of the presiding Judge.

. The main point raised by defendant is that Holland was not the agent of the county of Anderson. The plaintiff contends that Judge erred in reducing his first judgment.

*Messrs. Kurtz P. Smith* and *J. S. Acker,* for defendant-appellant, cite: *As to agency: As to agency:* 14 S. C. 403; 74 S. C. 221. *As to no negligence being shown on part of. defendant:*

Story Bailments, 9th Edit., secs. 25-32; 19 S. C. 30. *As to degree of care due from bailee:* 19 S. C. 30. *As to a county being liable for negligence in matters arising out of contract:* 20 S. C. 166; 57 S. C. 302. *As to Judge's power to reduce amount first found:* 47 S. C. 39.

*Messrs. Brezeale & Pearman,* for plaintiff-appellant, cite: *As to proof of agency:* 73 S. C. 57. *As to the action being based on contract:* 44 S. C. 487. *As to authority of agent to bind principal:* 99 S. C. 467; 92 S. C. 42; 74 S. C. 221. *Defendant estopped to deny agency of Holland:* 31 Cyc. 1237-1238. *As to jurisdiction of Judge:* 32 S. C. 86. *As to measure of damages:* 34 Cyc. 1570; 1 N. & McC. 334; 18 S. C. 184; 3 Rich. 194; 13 Cyc. 170.

January 26, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Rice, filed July 11, 1917, wherein he granted judgment in favor of the plaintiff against the defendant in the sum of $175. Defendant appeals, and by all its exceptions, except one, raises questions of fact.

The only exception not upon a question of fact is "that there is no competent testimony tending to establish agency." There is sufficient evidence to support the Circuit Court's decree, and the exceptions made by the defendant are overruled. The exceptions of the plaintiffs are overruled, as being without merit.

Judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE HYDRICK did not sit.